**RESCIGNO, Peter Paul**

v.

**WALTERS, Harry, Administrator Veterans Administration.**

**Appeal of Peter Paul RESCIGNO.**

**No. 85–5007.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Sept. 9, 1985.

Decided Sept. 23, 1985.

David I. Fallk, Scranton, Pa., for appellant.

James J. West, U.S. Atty., Barbara L. Kosik, Asst. U.S. Atty., Scranton, Pa., for appellee.

Before SEITZ, BECKER and ROSENN, Circuit Judges.

**OPINION OF THE COURT**

PER CURIAM.

This is an appeal from a final judgment entered by the district court on defendant's motion for summary judgment. Our review is plenary.

The undisputed facts show that plaintiff was injured while in active service during World War II. He was honorably discharged with a 30% disability rating. Over

the years, plaintiff protested the low rating and sought an increase. Eventually he was given a hearing in 1982 by the Board of Veterans Appeals, which denied an increase. Further review was unavailing and the filing of this action followed.

The district court granted defendant, the Administrator of Veterans Administration, summary judgment solely on the ground that the court lacked subject matter jurisdiction over the claim. The court relied on 38 U.S.C. § 211(a) (1979) which provides in pertinent part:

> The decision of the Administrator on any question of law or fact under any law administered by the Veterans Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by any action and nature of mandamus or otherwise.

Plaintiff does not deny that § 211(a), if constitutional, is a bar to his action. He argues, however, that the statute violates the fifth amendment to the Constitution of the United States in barring a district court from entertaining his attack on the decision of the Administrator.

The district court concluded that § 211(a) does not violate the due process clause. It naturally concluded from that premise that the language of § 211(a) deprived the district court of subject matter jurisdiction. We think the district court's approach to the issue of jurisdiction was flawed.

In *Johnson v. Robison*, 415 U.S. 361, 366, 94 S.Ct. 1160, 1165, 39 L.Ed.2d 389 (1974) the Court considered first and fifth amendment attacks on statutory provisions of the Veterans Readjustment Benefits Act of 1966. The Court first addressed the contention "that § 211(a) bars federal courts from deciding the constitutionality of veterans' benefits legislation."

"The court answered:

> We therefore conclude, in agreement with the District Court, that a construction of § 211(a) that does not extend the prohibitions of that section to actions

challenging the constitutionality of laws providing benefits for veterans is not only fairly possible but is the most reasonable construction, * * * "

*Id.* at 373, 94 S.Ct. at 1169.

From the holding in *Johnson* it follows inevitably that the jurisdictional limitation of § 211(a) is inapplicable to a constitutional attack on the veterans' benefits legislation. Since a contrary construction of § 211(a) was the sole basis for the district court's grant of summary judgment, we will reverse and remand the case for consideration by the district court of any appropriate constitutional attacks.

The judgment of the district court will be reversed and the case remanded for proceedings not inconsistent with this opinion.